PUGET SOUND BRIDGE & DREDGING CO. et al. v. UNITED STATES.

No. 49521.

United States Court of Claims.

Oct. 7, 1952.

750

Albert Olsen, Seattle, Wash., for plaintiffs.

Gaines V. Palmes, Washington, D. C., with whom was Asst. Atty. Gen. Holmes Baldridge, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

Plaintiffs' petition presents three causes of action. Defendant moves to dismiss the second insofar as recovery is sought on contracts Nos. NObs–26 and NObs–657, because, they say, the decision of the head of the department on the claims therein presented is final. It moves to dismiss the third cause of action because, it says, its does not state a cause of action.

Plaintiffs' claims arise out of contracts calling for reimbursement of their cost of performing them and for the payment to them of fixed fees. These costs and these fees have been paid, but plaintiffs in their second cause of action say they are entitled, in addition, to a one percent discount which they received for paying cash for certain materials.

The Bureau of Supplies and Accounts denied plaintiffs' claim, and this decision was affirmed by the Secretary of the Navy. Defendant says this is conclusive.

The "disputes" clause of the two contracts involved in the second cause of action are not materially different. The one in contract NObs–26, Article 23, reads:

> "Except as otherwise specifically provided in the contract, if any doubts or disputes arise concerning any question under the contract or as to anything in the plans or specifications, or if any discrepancy appears between said plans or specifications and the contract, the matter shall be referred at once to the

Chief of the Bureau of Ships for determination; and his decision in the premises (made after a hearing, if desired by the Contractor) shall be conclusive and binding upon the parties hereto, subject, however, to review by the Secretary of the Navy at the Contractor's request made in writing within 30 days after rendition of such decision. No claim arising under the contract will be considered unless submitted in writing to the Chief of the Bureau of Ships within six (6) months from the date of final acceptance of the vessel with respect to which the claim arose."

If this article is applicable to the instant dispute, the Secretary's decision is final, because this article is not limited to disputes of questions of fact, but covers all disputes. United States v. Moorman, 338 U.S. 457, 70 S.Ct. 288, 94 L.Ed. 256.

Plaintiffs say that this article is not applicable because the dispute here in issue is one over which the Chief of the Bureau of Ships has no jurisdiction, and that article 23 applies only to disputes coming within his jurisdiction. If plaintiffs are wrong in this, we cannot review the Secretary's determination. United States v. Moorman, supra.

■ Plaintiffs say that article 9 of the contract, quoted in part below,[1] vests in the Compensation Board (later changed in name to the Bureau of Supplies and Accounts) the power to determine the true cost of constructing the vessels and that the Bureau of Ships has nothing to do with this, and, hence, since article 23 directs that disputes should be referred to the Chief of the Bureau of Ships, it did not have in mind a dispute of the character here presented. There is no clause in the contract, therefore, it says, that makes final the decision of the head of the department on such a dispute.

It is true that the organization of the Navy Department provides for a Bureau of Ships, which has charge of the construction of vessels, and for a Bureau of Supplies and Accounts that has charge of finances, but the contracting officer on all of the contracts here involved was the Chief of the Bureau of Ships and, therefore, being the contracting officer, the carrying out of the contract, including the payment of the amount due thereunder, was done under his supervision.

This is not expressly provided, but it is implicit. For instance, plaintiffs say in their petition that their vouchers were approved first by the Bureau of Supplies and Accounts, and then by the representative of the contracting officer, who was the Chief of the Bureau of Ships. Also, articles 14 and 16 of the contract call for the approval of the Chief of the Bureau of Ships of costs incident to a suspension of the work, or to a cancellation of the contract.

The contracting officer was in charge. The carrying out of the contract was his responsibility. This necessarily included, in the absence of a clear contrary intent, the payment of the cost of doing it and, therefore, the final determination of what these costs were. We find nothing in the contract documents to negative such an intention.

■ We are of the opinion that under the Supreme Court's decision in United States v. Moorman, supra, the decision of the head of the department is final.

The "disputes" clause in contract No. NObs–657 also gave to the Secretary of the Navy the power of final decision on questions of law as well as of fact.

---

1. *Compensation.*—(a) The Department will pay for each vessel to be constructed and furnished in accordance with the contract the true cost, as determined by the Compensation Board, plus a fixed fee for profit of * * * for each vessel. The aforesaid estimated cost is subject to revision by the net change therein resulting from *changes under* the contract or modifications to be treated as *changes under* the contract. * * *

\*    \*    \*    \*    \*

(f) For the purpose of determining the amount payable under the contract, costs will be determined by the Compensation Board in accordance with the procedure in Treasury Department Regulations T. D. 5000 insofar as applicable, and, insofar as not applicable, in accordance with sound accounting practice.

Defendant's motion as to the second cause of action must be granted.

▆ Plaintiffs in their third cause of action say they are entitled to an increase in their fee because of increases in labor and material costs over those expected. They rely on articles 11 and 13 of contract No. NOd–1569, quoted in part below.[2] Article 11(a) provides for an increase in fee only because of changes in the contract. No changes are here involved. Article 13, providing for an adjustment for changes in labor and material costs, has reference to the computation to be made to ascertain whether or not the contractor was entitled to a bonus for decreasing the cost of the vessel, as provided for in article 11(b). Un- less there was a saving, the fee specified was the fee to be paid, whatever the cost.

Plaintiffs' position runs counter to the spirit of the Act of June 28, 1940, 54 Stat. 676, 677, 50 U.S.C.A.Appendix, § 1152. This Act prohibits the making of a contract for cost plus a percentage of the cost. Plaintiffs undertake to change this contract for cost plus a fixed fee into one for cost plus a percentage of the cost.

Defendant's motion to · strike plaintiffs' third cause of action is granted.

Plaintiffs' third cause of action is dismissed, and recovery is denied on the claims under contracts Nos. NObs–26 and NObs–657, as set out in the second cause of action.

2. Art. 11. (a) The Department will pay for each vessel to be constructed and furnished in accordance with this contract the true cost, as determined by the Compensation Board, plus a fixed fee for profit of two hundred and forty thousand dollars ($240,000), which is not in excess of six (6) percent of the estimated cost of four million dollars ($4,000,000.00). This estimated cost is subject to revision by the net estimated increase resulting from authorized changes as provided in Article 6 hereof. If the estimated cost shall be increased, an amount equal to six (6) percent of such increase shall be added to the final fee payable hereunder.

(b) If the true cost of the four (4) vessels is less than the estimated cost of sixteen million dollars ($16,000,000.00), or such revised estimated cost in lieu thereof as shall be determined as provided in Articles 6 and 13, the contractor, upon completion of the contract, shall be paid a bonus consisting of one-half the amount by which the total true cost of the vessel/vessels falls short of the revised estimated cost: *Provided*, That for the purpose of determining the amount of such bonus, the true cost shall include the cost of any and all parts and materials furnished by the Department which under the terms of the contract, plans, or specifications were to have been furnished by the contractor; the cost of such parts and material shall be the estimated cost thereof as computed by the contractor in checking the aforesaid estimated cost of the vessels, or, if such estimated cost be not acceptable to . the Department, the actual cost of such parts and materials: *And provided further*, That the *total* estimated cost shall, for the sole purpose of determining the bonus for reduction in cost, be further subject to adjustments for changes in labor and material costs in accordance with Article 13 of this contract.

\* \* \* \* \*

Art. 13. The estimated cost stated in Article 11 is subject to adjustment for changes in labor and material costs, separately, in accordance with the following method: [labor and material indices, etc., are then specified].